

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# Clay Caldwell v. Jeffrey Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2432

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Clay Caldwell v. Jeffrey Beard" (2008). *2008 Decisions.* Paper 36.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/36

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-48                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2432
_____

CLAY CALDWELL,
                                        Appellant

v.

JEFFREY BEARD, Ph.D, Secretary of Corrections; LOUIS FOLINO, Superintendent,
S.C.I. Greene; DONALD WILLIAMSON, Classification and Programing (Central
Office); SGT. GAGNON, Correctional Officer, SCI - Greene; OFFICER
HARKELROAD, Correctional Officer, SCI - Greene; DEAN GEEHRING, Mail
Inspector Supervisor, SCI - Greene; DAN DAVIS, Superintendent Asst/Grievance
Coordinator, SCI - Greene; LAUREL HARRY, Unit Manager, SCI - Greene;
GOVERNOR EDWARD G. RENDELL; WILLIAM  STICKMAN, Deputy Secretary,
Western Region; JEFF MARTIN, Major of Security; MAJOR DENNIS P. DURANT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00726)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 4, 2008

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 29, 2008)
_____

OPINION
_____

PER CURIAM

In May 2007, Clay Caldwell submitted a pro se civil rights complaint, which he later amended, in the United States District Court for the Western District of Pennsylvania. Caldwell alleged that prison employees at SCI-Greene interfered with his access to the courts, opened legal mail outside his presence, impermissibly opened letters he sent to his family, and placed him in a prison other than the one ordered by the state sentencing judge. In addition, Caldwell claimed that Governor Rendell "[s]hould have knowledge of what his employee's [sic] are doing in The Department of Corrections that Violates that Constitutional Rights of the wards of States Institutional System." See 42 U.S.C. § 1983 (providing a federal cause of action against persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"). The matter was referred to a Magistrate Judge, who recommended that all but one of Caldwell's claims be dismissed for failure to state a claim upon which relief could be granted. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Over Caldwell's objections, the District Court adopted the Report and Recommendation.

Caldwell then filed a motion for summary judgment on the remaining claim: his allegation that prison employees impermissibly opened his legal mail. The employees filed a motion to dismiss, a response to Caldwell's summary judgment motion, a counter statement of facts, and an appendix of evidentiary materials. The Magistrate Judge

2

concluded that summary judgment should be entered in favor of the prison employees because Caldwell had failed to exhaust his available administrative remedies. See 42 U.S.C. § 1997e(a). After being notified by the Magistrate Judge that he had to provide evidence of exhaustion, see DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 223 (3d Cir. 2007) (discussing entry of summary judgment sua sponte), Caldwell filed a "Petition for Reconsideration and Objections." The District Court again adopted the Report and Recommendation.[1] Caldwell appealed.

Our standard of review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (stating standard of review over § 1915(e)(2) dismissal); McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment). When reviewing a complaint dismissed under § 1915(e)(2)(B), we apply the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Tourscher, 184 F.3d at 240; see also Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

---

[1] The District Court's order also denied Caldwell's appeal from the Magistrate Judge's order denying leave to amend his complaint; denied Caldwell's summary judgment motion; and denied as moot (1) Caldwell's motion for appointment of counsel, (2) Caldwell's motion for a preliminary injunction, and (3) the prison employees' motion to dismiss. To the extent Caldwell seeks to challenge these rulings on appeal, we find no error.

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). This standard requires that a plaintiff allege in his complaint "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of a cause of action. Id. at 234 (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). "[A] formulaic recitation of the elements . . . will not do." Twombly, 127 S. Ct. at 1964-65. With respect to a grant of summary judgment, we must affirm where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Prisoners have a right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996). Importantly, however, where an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. See id. at 352-53. An actual injury is shown only where a nonfrivolous, arguable claim is lost. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). Caldwell's access to the courts claim is based on alleged interference with his ability to respond to an order of the Philadelphia County Court of Common Pleas, filed on November 20, 2006.

4

That order directed Caldwell to file within 14 days a Statement of Matters complained of on Appeal in connection with his second Post Conviction Relief Act petition. See Pennsylvania Rule of Appellate Procedure 1925(b). Caldwell claimed that the Department of Corrections' policy of not delivering mail on Saturdays delayed his receipt of the order until November 28, 2006. He also asserted that he was prevented from using the law library on December 1, 2006, and was "[s]topped . . . from mailing out the Documents of Matters Complained of on Appeal" on December 3, 2006. Importantly, however, nowhere in his original complaint, his amended complaint, or his objections to the Report and Recommendation did Caldwell allege that he was prevented from mailing his Rule 1925(b) statement on Monday, December 4, 2006, which presumably would have constituted a timely response. See Smith v. Pennsylvania Bd. of Probation and Parole, 683 A.2d 278, 281 (Pa. 1996) (applying prisoner mailbox rule to "*pro se* prisoners in our Commonwealth."). Accordingly, Caldwell failed to state a claim for denial of access to the courts.

Caldwell further alleged that his incarceration at SCI-Greene, a "Western State Prison[,] [was] against Judge[']s Court Orders." But an inmate does not have a constitutionally protected interest in being incarcerated in a particular penal institution. See Asquith v. Dep't of Corr., 186 F.3d 407, 410 (3d Cir. 1999), citing Montanye v. Haymes, 427 U.S. 236, 242 (1976). Moreover, respondeat superior cannot form the basis of liability under 42 U.S.C. § 1983. See Rizzo v. Goode, 423 U.S. 362, 375- 76 (1976).

5

Thus, Governor Rendell was properly dismissed from the action because he was not personally involved in the misconduct alleged in the complaint.

Caldwell also alleged that prison employees inspected mail he sent to his family and opened his incoming legal mail outside his presence. The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. See Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). The Court has also recognized, however, that the rights of prisoners "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Thornburgh, 490 U.S. at 407 (quoting Turner, 482 U.S. at 85). The opening and inspecting of Caldwell's outgoing mail is reasonably related to the legitimate penological interest of institutional security. See, e.g., Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999) (stating that if inmates' outgoing mail could not be opened and inspected "a prison official would never know that a letter contained the very type of material that, according to the Supreme Court, could rightfully be censored, *i.e.*, correspondence sent by an inmate that would be detrimental to the security, good order, or discipline of the institution; necessary for the protection of the public; or used to facilitate criminal activity"); Smith v. Delo, 995 F.2d 827, 830 (8th Cir. 1993) (holding that "[a]lthough there is less of a security risk with outgoing mail precisely because the mail is going out of the prison, Abbott, 490 U.S. at 413, . . .there is also no doubt that prison officials are justified in discovering and refusing to process mail that contains" "escape

6

plans, contraband, threats, or evidence of illegal activity"). Consequently, we agree that prison employees did not violate Caldwell's constitutional rights by inspecting his outgoing nonprivileged mail.

Finally, Caldwell alleged that prison employees opened his legal mail outside his presence. The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies. See 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (explaining that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"). The Pennsylvania Department of Corrections' ("DOC") grievance procedure provides a three-part review: (1) initial review by the facility grievance coordinator of the inmate's grievance; (2) appeal of the initial review to the superintendent or regional director; and (3) a final appeal to the Secretary's Office. See DOC Policy Statement No. DC-ADM 804. In response to Caldwell's motion for summary judgment, the prison employees submitted an affidavit from an "Administrative Officer in the Office of the Superintendent" at SCI-Greene. The affidavit indicated that a review of grievance records "reflect[ed] that Inmate Caldwell

7

has never submitted a grievance while at SCI-Greene challenging the manner in which is privileged mail is processed or asserting that his privileged legal mail has been opened outside his presence." In response, Caldwell alleged that the grievances he filed in connection with his access to the courts claims encompassed his allegation that his legal mail was opened outside his presence. But those grievances, which were attached to Caldwell's original complaint, made no reference to the processing of his legal mail. Caldwell has offered no other evidence establishing that he utilized the prison grievance process in connection with this claim. Therefore, we conclude that the District Court properly granted summary judgment in favor of the prison employees.[2]

Because the appeal does not present a substantial question, see I.O.P. 10.6., we will summarily affirm the judgment of the District Court.[3]

---

[2] In his motion for summary judgment, Caldwell complained that prison employees improperly opened an envelope that was returned to him for insufficient postage in January 2008. He asserted that the envelope contained an IFP application that he attempted to file in a separate civil action. Caldwell attached to his summary judgment motion the returned envelope and the grievance form he submitted in connection with this incident. The Magistrate Judge treated Caldwell's allegation as a request for leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d) and denied it. We will not disturb this decision because the single grievance form that Caldwell provided was insufficient to demonstrate proper exhaustion. See Spruill v. Gillis, 372 F.3d 218, 227-30 (3d Cir. 2004) (recognizing that to satisfy § 1997e(a) an inmate must have timely sought relief at every level available to him).

[3] Caldwell's motion for appointment of counsel is denied.